IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE ) <br> COUNCIL, INC., and ) <br> ) <br> PUBLIC CITIZEN, INC., ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> UNITED STATES CONSUMER ) <br> PRODUCT SAFETY COMMISSION, ) <br> ) <br> Defendant. ) <br> ) | 08 Civ. 10507 (PGG) <br><br> RECEIVED <br> DEC 0 8 2008 <br> U.S.D.C. S.D. N.Y. <br> CASHIERS |

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

INTRODUCTION

1. Chemicals known as phthalates are used to soften plastics in children's toys and other common consumer products. Phthalates are known to interfere with production of the hormone testosterone and have been associated with reproductive abnormalities. Numerous studies have linked exposure to certain phthalates with decreases in testosterone, malformations of the genitalia, and reduced sperm production, among other adverse effects. Human exposure to phthalates during sensitive periods of development may cause permanent reproductive harm.

2. In the Consumer Product Safety Improvement Act ("CPSIA"), enacted on August 14, 2008, Congress permanently banned the manufacture, sale, distribution, and import of all child care articles and children's toys containing more than 0.1 percent of any of three different phthalates. Congress also banned, pending further study and rulemaking, the manufacture, sale, distribution, and import of children's toys that can be placed in a child's mouth and child care

1

articles, if any such toy or article contains more than 0.1 percent of three other phthalates. Both phthalate bans (hereinafter the "phthalate ban") go into effect on February 10, 2009.

3.  The Consumer Product Safety Commission ("CPSC") is charged with implementing the phthalate ban. By letter of its General Counsel dated November 17, 2008 (hereinafter the "CPSC decision"), the CPSC declared that the phthalate ban does not apply to any toy or child care product manufactured before the effective date of February 10, 2009. The CPSC decision thus authorizes the sale of banned children's products after the statute's effective date, despite Congress's clear prohibition on any sale after that date. This will cause both direct harm to individuals exposed to these chemicals in children's products and consumer confusion about which products sold in stores comply with the phthalate ban.

4.  The CPSC decision is contrary to law, in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and the Consumer Product Safety Act ("CPSA"), 15 U.S.C. §§ 2051 *et seq.*, as amended by the CPSIA, Pub. L. 110-314.

5.  Plaintiffs Natural Resources Defense Council, Inc. ("NRDC") and Public Citizen, Inc. seek a judgment declaring that the CPSC decision is contrary to law and an injunction ordering the CPSC to rescind the decision.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(3), because NRDC resides and has its principal place of business in this judicial district.

8.  The Declaratory Judgment Act grants this Court authority to enter a declaratory judgment as a final order. 28 U.S.C. § 2201(a).

## THE PARTIES

9. Plaintiff NRDC is a non-profit environmental and public health advocacy organization headquartered in New York, New York, with a national membership of more than 425,000. NRDC works to eliminate health risks posed by exposure to toxic chemicals. NRDC has a long-standing interest in improving the regulation of toxics in consumer products, especially products intended for use by children. NRDC seeks to ensure that children's products are safe and comply with governing statutes.

10. Plaintiff Public Citizen is a non-profit consumer advocacy organization headquartered in Washington, D.C., with a national membership of approximately 80,000. Since its founding in 1971, it has worked to eliminate health risks posed by exposure to toxic chemicals in consumer products and in the workplace. Public Citizen was heavily involved in advocating for enactment of the CPSIA. Public Citizen seeks to ensure that children's products are safe and comply with governing statutes.

11. Plaintiffs bring this action on behalf of their members and their members' children. Plaintiffs' membership includes individuals and families who are concerned about the health risks to their children from exposure to phthalates in toys and child care articles. The health of plaintiffs' members and their children is placed at risk of harm by the CPSC decision to permit the sale of banned children's products containing phthalates after the effective date of the ban. Because of the CPSC decision, plaintiffs' members will be unable to determine whether children's products on store shelves after February 10, 2009 are phthalate-free or not and, therefore, will be unable to make informed consumer decisions to protect their families.

12. These injuries to plaintiffs' members will be redressed by a declaratory judgment that the CPSC decision violates the law and an injunction ordering the CPSC to rescind the decision.

13. Defendant CPSC, a federal agency of the United States, is charged with responsibility for the implementation and administration of the relevant provisions of the law.

## STATUTORY FRAMEWORK

14. The basic purpose of the CPSA is to ensure consumer protection. 15 U.S.C. § 2051(b).

15. In response to heightened concern about risks to children from toxic chemicals in toys and other products, Congress enacted the CPSIA on August 14, 2008. The CPSIA amends both the CPSA and the Federal Hazardous Substances Act, 15 U.S.C. §§ 1261 *et seq.*

16. Among other things, the CPSIA permanently bans the manufacture, sale, distribution, or import, after February 10, 2009, of children's toys and child care articles that contain any of three different phthalates – known as DEHP, DBP, and BBP – above a set limit. 15 U.S.C. § 2057c(a). Specifically, the statute states: "[I]t shall be unlawful for any person to manufacture for sale, offer for sale, distribute in commerce, or import into the United States any children's toy or child care article that contains concentrations of more than 0.1 percent of" DEHP, DBP, or BBP. *Id.*

17. In addition, the CPSIA bans the manufacture, sale, distribution, or import, after the same date, of children's toys that can be placed in a child's mouth and child care articles that contain more than 0.1 percent of three other phthalates – DINP, DIDP, or DnOP. *Id.* § 2057c(b)(1). This ban applies indefinitely unless a future CPSC rule, relying on the report of an independent panel of scientific experts, finds the ban unnecessary to protect children or other

susceptible individuals. Such rule must be promulgated between February and August 2011, and therefore this phthalate ban in the CPSIA will be in effect at least until then. *Id.* §§ 2057c(b)(2) & (b)(3)(A).

18. The CPSIA states that these phthalate bans shall be considered "consumer product safety standards." *Id.* § 2057c(d). Existing law creates a comprehensive enforcement regime for safety rules designated consumer product safety standards. This includes a requirement that all manufacturers certify compliance with consumer product safety standards by submitting an annual certificate, *see id.* § 2063(a)(1); a requirement that manufacturers rely on independent, third-party testing to prove that their products meet consumer product safety standards, *id.* § 2063(a)(2); and a mandate that manufacturers report non-compliance to the CPSC if their products violate consumer product safety standards, *id.* § 2064.

19. "Children's toy" is defined in the CPSIA to mean "a consumer product designed or intended by the manufacturer for a child 12 years of age or younger for use by the child when the child plays." *Id.* § 2057c(e)(1)(B).

20. "Child care article" is defined in the CPSIA to mean "a consumer product designed or intended by the manufacturer to facilitate sleep or feeding of children age 3 or younger, or to help such children with sucking or teething." *Id.* § 2057c(e)(1)(C).

THE CHALLENGED AGENCY ACTION

21. In a letter dated November 13, 2008, on behalf of unnamed clients, counsel at the law firm Arent Fox LLP asked the CPSC to "consider not applying the phthalates restrictions set forth in . . . the CPSIA retroactively to inventory as of February 10, 2009."

22. In a decision published two business days later, on November 17, 2008, the CPSC General Counsel agreed. The CPSC decision concludes that the ban on phthalates in children's

products is not "retroactive," and therefore products manufactured before the statutory ban date can be sold indefinitely after that date.

23. This decision has imminent and far-reaching consequences under the law. By permitting sale of banned products after the date of the statutory ban, it contradicts Congress's clear command. In addition, in reliance on this decision, manufacturers of children's toys and child care articles may continue to manufacture and stockpile products containing the six restricted phthalates now and sell them long after the ban on sale goes into effect in February.

24. Members of Congress who played key roles in passage of the CPSIA promptly criticized the CPSC decision as violating the intent of Congress. In a November 21, 2008 letter to the CPSC, Senator Barbara Boxer stated that the CPSC decision "to allow the continued sale of children's toys and child care products that contain harmful phthalates beyond February 10, 2009 violates the clear language of that Act." Senator Boxer further stated that "[a]llowing these harmful products to remain on store shelves places children in danger and does a disservice to the American consumer."

25. In a November 24, 2008 letter to the CPSC, Senator Dianne Feinstein – the author of the initial version of the phthalate ban that was enacted in the CPSIA – and Representatives Henry A. Waxman and Jan Schakowsky stated that the CPSC decision "is directly contrary to the plain language of the CPSIA," and that the phthalate ban in the law applies "to all inventory sold after February 10, 2009."

26. The CPSC decision will generate and prolong exposure to known hormone-disrupting chemicals among plaintiffs' members and their children. There is no way for plaintiffs' members to know whether products on store shelves after the ban date contain phthalates or not.

## CLAIM FOR RELIEF

27. Plaintiffs incorporate by reference all preceding paragraphs.

28. The CPSC decision sanctions sale of children's toys and child care products containing banned phthalates above the legal limit after the effective date of the phthalate ban.

29. The CPSC decision constitutes agency action not in accordance with law in violation of the APA, 5 U.S.C. §§ 702, 704, and 706(2)(A), and the CPSA, 15 U.S.C. § 2057c, as amended by the CPSIA.

## REQUEST FOR RELIEF

Plaintiffs request that this Court enter judgment against the CPSC as follows:

A. Declaring that the CPSC decision is not in accordance with law, pursuant to 15 U.S.C. § 2057c, 5 U.S.C. § 706(2)(A), and 28 U.S.C. § 2201(a) (Declaratory Judgment Act);

B. Ordering the CPSC to rescind the challenged decision;

C. Awarding plaintiffs their costs and reasonable attorneys' fees incurred in prosecuting this action under 28 U.S.C. § 2412; and

D. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Mitchell S. Bernard
Mitchell S. Bernard (MB 5823)
Natural Resources Defense Council, Inc.
40 West 20th Street
New York, New York 10011
(212) 727-2700
(212) 727-1773 (fax)

Dated: December 8, 2008

Brian Wolfman
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20009
(202) 588-1000
(202) 588-7795 (fax)

Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of Plaintiffs' First Amended Complaint by overnight mail to the following counsel for defendant on this date, December 8, 2008:

Cheryl A. Falvey
General Counsel
U.S. Consumer Product Safety Commission
4330 East West Highway
Bethesda, MD 20814

Civil Process Clerk
U.S. Attorney for the Southern District of New York
Civil Division
86 Chambers Street
New York City, NY 10007

Attorney General Michael Mukasey
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

_____
Elaina De Meyere