


**NRDC**
THE EARTH'S BEST DEFENSE

NATURAL RESOURCES DEFENSE COUNCIL

December 16, 2008



<u>Via Hand Delivery</u>

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

Re: *Natural Resources Defense Council, et al. v. U.S. Consumer Product Safety Commission, 08 Civ. 10507 (PGG)*

Dear Judge Gardephe:

    As counsel to plaintiffs, we write respectfully to request expedited disposition of the above-captioned case.

    Plaintiffs are nonprofit environmental and consumer groups who challenge a decision by the defendant Consumer Product Safety Commission ("CPSC"). The claim arises, via the Administrative Procedure Act, from the Consumer Product Safety Improvement Act ("CPSIA"), which Congress enacted in August 2008. The CPSIA bans, beginning February 10, 2009, the sale of toys and other child care products containing more than a minimal percentage of any of six chemicals called phthalates, which are known to harm human health. Defendant decided to allow the sale of such products after February 10, 2009, so long as the products were manufactured before that date. Plaintiffs challenge that decision.

    The CPSC decision was published on November 17, 2008. Plaintiffs filed their complaint on December 4, and filed an amended complaint (substantively identical to the original) on December 8. Since our claim presents a straightforward question of law (does the statute ban or allow the sale of these products on and after February 10, 2009?), we plan to file and serve a motion for summary judgment on December 24, which is as soon as the Federal Rules allow. *See* Fed. R. Civ. P. 56(a)(1).

    Plaintiffs seek a decision on the merits as soon as possible, and before the statutory ban takes effect on February 10, 2009. If the matter is not resolved by February 10, then dangerous products will continue to be sold, all across the United States. This will defeat the purposes of the statute, which are to prevent further exposures to children and assure consumers that the products they purchase are safe. Should plaintiffs prevail after February 10, it will be difficult to test all inventory and remove offending products from store shelves. This will cause more uncertainty and harm.

www.nrdc.org    40 West 20 Street    WASHINGTON, DC • SAN FRANCISCO • LOS ANGELES • BEIJING • CHICAGO
New York, NY 10011
TEL 212 727-2700
FAX 212 727-1773
*100% Postconsumer Recycled Paper*


Dockets.Justia.com

In light of this, we request the following schedule for summary judgment briefing:

December 24:     Plaintiffs' summary judgment papers

January 9:       Defendant's response

January 16:      Plaintiffs' reply.

These time periods track the periods set forth in Local Rule 6.1(b). If defendant cross-moves for summary judgment on January 9, then plaintiffs are prepared to file both their opposition and reply on January 16, and propose that defendant's reply on its motion be due on January 23.

Under plaintiffs' proposed schedule, briefing will be complete not later than January 23. We hope the Court will be amenable to scheduling oral argument shortly after the briefs are in, and, if possible, rendering a decision on the merits before February 10, 2009.

We recognize that this is a tight schedule. To help avoid any prejudice to defendant, we will provide a full copy of our final summary judgment papers to defendant's litigation counsel by close of business tomorrow, December 17, a week before our filing date. We hope this will eliminate or reduce any inconvenience stemming from the year-end holidays. In effect, defendant will have more than three weeks to respond to plaintiffs' motion for summary judgment. To us this seems fair, given the speed with which plaintiffs have proceeded and the compelling public need to protect children's health.

In anticipation of seeking expedited resolution of the case, on December 8 I called Mr. James Cott, Chief of the Civil Division at the U.S. Attorney's Office in Manhattan, explained to him the situation, and emailed him a copy of plaintiffs' amended complaint. We spoke again on December 12 and December 15. Mr. Cott kindly agreed to ascertain whether the CPSC itself, the Justice Department in Washington, or the U.S. Attorney's Office for the Southern District of New York will represent defendant. Pending that determination, I proposed to him the schedule described above, and he asked me to copy him on this letter. We will deliver our summary judgment papers to him tomorrow.

We believe this case qualifies for expedited resolution under 28 U.S.C. § 1657(a), which directs courts to "expedite the consideration of any action" on a showing of "good cause." The legislative history of this provision indicates that good cause includes a strong public interest in enforcement of a statute. H. Rep. No. 98-985, at 6 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 5779, 5784. The public interest in enforcing the CPSIA concerns the protection of children's health.

We recognize that our proposed schedule may impose burdens on the Court. While we regret this, under the circumstances we see little alternative. For the reasons we have described, we believe this case warrants the expedited treatment plaintiffs request.

Thank you for your consideration.

Respectfully,

*Mitchell S. Bernard*

Mitchell S. Bernard

cc (by hand): James Cott, Esq.

**MEMO ENDORSED**

The application is granted. Oral argument will take place on February 3, 2009 at 10:00 A.M.

SO ORDERED:

*Paul G. Gardephe*
Paul G. Gardephe, U.S.D.J.
Dated: Dec. 18, 2008

3