IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATURAL RESOURCES DEFENSE )
COUNCIL, INC., and PUBLIC CITIZEN, )
INC., )
 )
       Plaintiffs, )
  v. ) 08 Civ. 10507 (PGG)
 )
U.S. CONSUMER PRODUCT )
SAFETY COMMISSION, )
 )
       Defendant. )
 )

**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiffs Natural Resources Defense Council ("NRDC") and Public Citizen submit this statement of undisputed material facts in support of their motion for summary judgment, pursuant to Local Rule 56.1.

<u>The Consumer Product Safety Improvement Act of 2008</u>

1. Congress enacted the Consumer Product Safety Improvement Act ("CPSIA") on August 14, 2008. Pub. L. No. 110-314, 122 Stat. 3016 (2008). The CPSIA amends existing consumer protection laws to limit exposure to toxic chemicals in children's products. *See* 15 U.S.C. §§ 1278a, 2057c.

2. The CPSIA makes it unlawful to "manufacture for sale, offer for sale, distribute in commerce, or import into the United States any children's toy or child care article that contains concentrations of more than 0.1 percent of di-(2-ethylhexyl) phthalate (DEHP), dibutyl phthalate (DBP), or benzyl butyl phthalate (BBP)." *Id*. § 2057c(a).

3. The CPSIA also bans the manufacture, sale, distribution, or import of "any children's toy that can be placed in a child's mouth or child care article that contains concentrations of more than 0.1 percent of diisononyl phthalate (DINP), diisodecyl phthalate (DIDP), or di-n-octyl phthalate (DnOP)." *Id*. § 2057c(b)(1).

4. The second ban applies indefinitely unless the Consumer Product Safety Commission ("CPSC"), in reliance on the report of an independent panel of scientific experts, promulgates a rule that finds the ban unnecessary to protect children or other susceptible individuals. *Id*. §§ 2057c(b)(2), (b)(3).

5. The statute defines "children's toy" as "a consumer product designed or intended by the manufacturer for a child 12 years of age or younger for use by the child when the child plays." *Id.* § 2057c(e)(1)(B).

6. A "child care article" is "a consumer product designed or intended by the manufacturer to facilitate sleep or the feeding of children age 3 and younger, or to help such children with sucking or teething." *Id.* § 2057c(e)(1)(C).

7. Both phthalate bans take effect "beginning on the date that is 180 days after August 14, 2008," which is February 10, 2009. *Id*. §§ 2057c(a), (b)(1).

<u>Adverse Effects of Phthalates on Human Health</u>

8. Phthalates are a class of chemicals that soften plastics. Declaration of Dr. Sarah Janssen ¶ 11 ("Janssen Dec."). They are common in toys and other child care products. *Id*. Phthalates leach from plastics, creating human exposure through the mouth, skin, and inhalation or ingestion of dust particles to which they bind. *Id*. ¶ 23.

9. Phthalates are endocrine disruptors that interfere with the production of sex hormones. *Id.* ¶ 14. Exposure to the phthalates banned by Congress, especially at critical developmental ages, may cause severe and permanent harm to human health. *Id.* ¶¶ 17, 26.

10. Interference with natural hormone levels is particularly problematic during infancy and childhood. *Id.* ¶ 14. Due to their low body weight, tendency to place objects, including toys, into their mouths, and immature detoxification systems, infants and children are particularly susceptible to the toxic effects of phthalates. *Id.* ¶ 17.

11. Virtually all people in the United States have measureable levels of phthalates in their bodies, with the highest levels of certain phthalates measured in children aged 6 to 11. *Id.* ¶ 12.

12. Scientific studies have shown that phthalates act in an additive manner, such that small exposures to different phthalates can cause as much harm as exposure to a large dose of a single phthalate. *Id.* ¶ 24. Every exposure to a phthalate increases the likelihood that the exposed individual will suffer adverse health effects. *Id.* ¶ 25.

<u>The Challenged Agency Action</u>

13. In a letter dated November 13, 2008, counsel at the law firm Arent Fox LLP requested that the CPSC "consider not applying the phthalate restrictions set forth in . . . the CPSIA retroactively to inventory as of February 10, 2009." Declaration of Mitchell S. Bernard Exh. A at 1 ("Bernard Dec.").

14. In a decision published two business days later, on November 17, 2008, the CPSC's General Counsel agreed and announced that the CPSIA's ban on phthalates in children's products would not apply to products manufactured before the ban's effective date of February 10, 2009, even if sold after that date. *Id.* Exh. B.

15. CPSC Chairman Nancy Nord confirmed publicly that the CPSC would not apply the phthalate ban to children's products manufactured before February 10, 2009. *Id*. Exh. C.

16. The CPSC reiterated this decision in a posting on the agency's website on December 4, 2008. *Id*. Exh. D.

Harm to Plaintiffs

17. Plaintiff NRDC is a membership organization incorporated under the laws of the State of New York. Declaration of Linda Lopez ¶ 3.

18. NRDC has more than 429,000 members nationwide. *Id*. ¶ 4.

19. NRDC's mission statement declares that "The Natural Resources Defense Council's purpose is to safeguard the Earth: its people, its plants and animals, and the natural systems on which all life depends." *Id*. ¶ 5. "Stemming the tide of toxic chemicals" is one of NRDC's six priorities. *Id*. Protecting the public from the adverse effects of exposure to endocrine-disrupting chemicals, including phthalates, is central to NRDC's purpose. *Id.* ¶ 6.

20. Plaintiff Public Citizen is a membership organization incorporated under the laws of the District of Columbia. Declaration of Joseph Stoshak ¶ 2.

21. Public Citizen has approximately 80,000 members nationwide. *Id*. ¶ 2.

22. Public Citizen's mission statement declares that it advocates for, among other things, "strong health, safety and environmental protections." *Id*. ¶ 4. One of Public Citizen's key organizational purposes is to protect the public from adverse health effects from exposure to toxic chemicals such as phthalates. *Id*. ¶ 6.

23. Plaintiffs' members include parents of young children who suffer reasonable concern and anxiety about harm to their children from continued exposure to phthalates in children's products. Declarations of Berit Block ¶ 5; Jasanna Britton ¶¶ 3-6; Sean Harrington ¶¶

3-7; Karen Kraut ¶¶ 3-6; Anna Lonergan ¶¶ 3-5; Francesca Olivieri ¶¶ 3-6, 8; Julia Pershan ¶¶ 3-6; T. Kathryn Tucker ¶¶ 3-6; Daniel R. Vice ¶¶ 3-7.

24. The CPSC decision impairs plaintiffs' members' ability to evaluate the safety of toys and child care products that may contain phthalates. Block Dec. ¶¶ 6-7; Britton Dec. ¶¶ 5-6; Harrington Dec. ¶¶ 5-6; Kraut Dec. ¶ 7; Lonergan Dec. ¶ 4; Olivieri Dec. ¶¶ 5-6; Pershan Dec. ¶ 6; Tucker Dec. ¶¶ 5-6; Vice Dec. ¶¶ 6-7.

Respectfully submitted,

*/s/ Mitchell S. Bernard*
Mitchell S. Bernard (MB 5823)
Aaron Colangelo
Avinash Kar
Natural Resources Defense Council
40 West 20th Street
New York, New York 10011
(212) 727-2700
(212) 727-1773 (fax)

Counsel for Plaintiffs

Of Counsel:

Brian Wolfman
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC 20007

Dated: December 17, 2008

# CERTIFICATE OF SERVICE

I hereby certify that I caused to be served a true and correct copy of Plaintiffs' Statement of Undisputed Material Facts on the following counsel for defendant, by email and FedEx, on December 17, 2008.

>James Cott, Chief, Civil Division
>Beth Goldman, AUSA
>U.S. Attorney's Office
>Southern District of New York
>86 Chambers Street
>New York, NY 10007
>
>Cheryl Falvey (FedEx only)
>General Counsel
>U.S. Consumer Product Safety Commission
>4330 East West Highway
>Bethesda, MD 20814

*/s/ Mitchell S. Bernard*
Mitchell S. Bernard